# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEAT OILFIELD RENTALS, LTD., <br> Plaintiff, <br><br> v <br><br> VULCAN OILFIELD SERVICES, LLC, <br> Defendant. | ) <br> ) <br> ) <br> ) 2:15-cv-332 <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

A federal court has a non-delegable duty to ensure that it may exercise subject-matter jurisdiction, even if jurisdiction is not contested by the parties. *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256-57 (3d Cir. 1977) (explaining that courts should narrowly construe diversity jurisdiction based on considerations of judicial economy and federalism/comity with the state courts). There must be complete diversity of citizenship of adversarial parties. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

The Supreme Court has steadfastly refused to extend the corporate citizenship analysis to other forms of business entities in the diversity jurisdiction context. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 189 (1990) (tracing development of this doctrine). In *Zambelli*, the Court of Appeals for the Third Circuit held:

> the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.

592 F.3d at 419-20 (citations omitted).

The Complaint filed on behalf of Plaintiff Heat Oilfield Rentals, LTD, ("HEAT") does not plead sufficient facts to satisfy the requirement of complete diversity of citizenship. Thus,

the Court is unable to determine whether federal jurisdiction is appropriate in this case, in accordance with the principles set forth above.

The Complaint pleads only that Plaintiff HEAT is a "Canada limited company" organized under Alberta law. As pled, the Court is unable to determine the precise organizational structure of this entity. The term "Canada limited company" is not defined in the Alberta Business Corporations Act. The Complaint does not aver that HEAT is a corporation, nor does it plead the identity(ies) and citizenship of the owner(s)/member(s) of the HEAT entity. *See Schuler v. SunOpta Food Grp. LLC*, 2008 WL 4416447, at *1 (D.N.D. Sept. 24, 2008) (entity was citizen of both Delaware and Canada for purposes of diversity jurisdiction).

Moreover, the Complaint avers that Defendant Vulcan Oilfield Services, LLC ("Vulcan") is an Ohio limited liability company ("LLC"). The Complaint conclusorily alleges "upon information and belief" that Vulcan's "shareholders" are citizens of Ohio and Pennsylvania. However, the Complaint fails to plead any specific information about the citizenship of all of the members of the LLC.

It is well-established that the presence of just one non-diverse member of an entity will destroy the Court's jurisdiction over this breach of contract action. Indeed, diversity of citizenship jurisdiction does not exist where there are aliens on both sides of the litigation -- even if the aliens are from different countries. *See Impuls I.D. Int'l, S.L. v. Psion-Teklogix, Inc.*, 234 F. Supp. 2d 1267, 1273-74 (S.D. Fla. 2002), and cases cited therein.

In accordance with the foregoing, the Court hereby issues the following Order:

AND NOW, this 12th day of March, 2015, it is hereby ORDERED that on or before March 26, 2015, Plaintiff shall file a Declaration which fully establishes the Court's subject-matter jurisdiction regarding this action or suffer the prospect of dismissal.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Amy L. Barrette, Esquire**
Email: amy.barrette@nortonrosefulbright.com